**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CESAR F. TORRES CARDENAS** **PETITIONER**

**V.** **CAUSE No. 5:25-CV-00146-DCB-BWR**

**RAFAEL VERGARA,**
**Warden, Adams County**
**Correctional Center** **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 9] of Magistrate Judge Rath entered herein on May 21, 2026, in this action brought pursuant to 28 U.S.C. § 2241. In the Report, Judge Rath recommended Petitioner Cesar Cardenas ("Petitioner")'s Petition [ECF No. 1] be denied. Objections to the Report were due by June 4, 2026. Petitioner timely submitted an objection on June 1, 2026, [ECF No. 11] and Rafael Vergara ("Respondent") responded to Petitioner's objection on June 5, 2026 [ECF No. 12].

For the reasons discussed below, the Court adopts Judge Rath's Report in full. Accordingly, Petitioner's Petition [ECF No. 1] is hereby dismissed.

### I. BACKGROUND

As discussed in the Report, Petitioner is a native and citizen of Ecuador who entered the United States illegally in October 2004, and was detained by Immigration Customs and

Enforcement (ICE) on August 16, 2025. [ECF No. 1-3] at 5-6. Since he has been detained, an immigration judge denied Peittioner's application for Cancellation of Removal and Adjustment of Status for Certain Nonpermanent Residents. [ECF No. 1-4]. Petitioner appealed the immigration judge's decision on November 5, 2025, and it remains pending as of the date of this Order. See acis.eoir.justice.gov (last visited Sept. 8, 2026).

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendations, the Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual

objection is raised when a petitioner merely re-urges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

**III. DISCUSSION**

Petitioner objects to the Report and argues that the Magistrate Judge did not properly address his substantive and procedural due process claims. He also asserts that the Report erred in interpreting Supreme Court precedent as it applies to him. All of these arguments reformulate and expand upon the procedural and due process arguments that Petitioner made in his Petition [ECF No. 1].

After engaging in a de novo review of the record and an independent assessment of the law, the Court finds that the Magistrate Judge did not err. At this juncture, the Fifth Circuit has clearly stated that "unadmitted aliens are ineligible for release on bond, regardless of how long they have resided in the United States." Buenrostro v. Bondi, 166 F.4th 494, 500 (5th Cir. 2026). And although a panel of the Fifth Circuit recently held that the "Fifth Amendment protects resident aliens from unreasoned, indefinite detention," that decision has been withdrawn and will be considered by the full court en banc. See Rodriguez v. Ortega, 180 F.4th 702, vacated and reh'g en banc granted, 181 F.4th 608 (5th Cir. 2026). Thus, until the Fifth

Circuit states otherwise, Petitioner's argument that the due process clause of the Fifth Amendment entitles him to a bond hearing is foreclosed.

The Court finds, furthermore, that a stay or abeyance of these proceedings while Rodriguez is considered en banc does not serve judicial economy. See Esquivel v. Mullin, No. 1:26cv2000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026) (denying § 2241 petition alleging substantive and procedural due process claims regarding detention pending removal proceedings under 8 U.S.C. § 1225(b)(2)(A) while Rodriguez is awaiting en banc consideration). "The better course is to continue resolving petitions, due process claims and all, and to stay any judgment granting habeas that could be undermined by the Fifth Circuit's decision in Rodriguez." Id. at *3.

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Petitioner's Petition brought under 28 U.S.C. § 2241 is hereby dismissed without prejudice. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED AND ADJUDGED, this the 8 day of September, 2026.

/s/David C. Bramlette
David C. Bramlette III
UNITED STATES DISTRICT JUDGE